IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LINDA EPPS,                       )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )     No. 2:09-cv-02482-JPM-tmp
                                  )
FEDEX CORP.,                      )
                                  )
    Defendant.                    )

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SEX DISCRIMINATION, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS**

---

Before the Court is Defendant's Motion to Dismiss (Docket Entry ("D.E.") 3), filed August 3, 2009. Plaintiff responded in opposition on September 1, 2009. (D.E. 11.) Defendant filed a reply with leave of Court on December 3, 2009. (D.E. 17.) For the following reasons, the Court GRANTS Defendant's motion to dismiss.

**I. Background**

Plaintiff filed this suit on July 15, 2009 in the Shelby County Chancery Court. (Complaint ("Compl.") ¶ 1.) According to her complaint, Plaintiff was "displaced" from her employment position with Defendant on November 20, 2006 and demoted to another position on January 1, 2007. (Compl. ¶ 9, 10.) Plaintiff alleges that these actions were taken on the basis of

her race, sex, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (Compl. 3-5.)  She also brought claims for negligent infliction of emotional distress and intentional infliction of emotional distress under Tennessee law.  (Compl. 5-6.) Defendant removed the action to this Court on July 28, 2009. (D.E. 1.)  On December 30, 2009 Plaintiff stipulated to the dismissal with prejudice of her age discrimination claim.  (D.E. 18.)

**II. Standard**

Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).  The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted).  The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal

conclusions masquerading as factual allegations will not suffice." Id. at 903 (citations and quotation marks omitted).

### III. Analysis

Defendant moves to dismiss Plaintiff's Title VII sex discrimination claim, negligent infliction of emotional distress claim, and intentional infliction of emotional distress claim, but not her Title VII race discrimination claim. (D.E. 3 at 1.) The Court will address each challenged claim in turn.

#### a. Title VII Sex Discrimination

Plaintiff alleges only indirect evidence of sex discrimination. (See generally Compl.) Under the McDonnell Douglas framework, Plaintiff may establish a prima facie case of sex discrimination by showing that: "(1) she was a member of a protected class; (2) she was discharged [or demoted]; (3) she was qualified for the position; and (4) she was replaced by a person outside the class" or that a "comparable non-protected person was treated better." Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992) (quotation marks omitted). Plaintiff's complaint alleges that she "was replaced by a . . . female," (Compl. ¶ 14.), an individual who is within Plaintiff's class. Plaintiff's complaint does not allege that similarly-situated employees outside her class were treated better than she was. Plaintiff's complaint does not allege facts sufficient to

3

satisfy the fourth element of the McDonnell Douglas prima facie case, so her Title VII sex discrimination claim is DISMISSED.

### b. Negligent Infliction of Emotional Distress

Plaintiff's claim for negligent infliction of emotional distress is barred by the exclusivity provision of Tennessee's workers' compensation law.  See Valencia v. Freeland & Lemm Const. Co., 108 S.W.3d 239, 243 (Tenn. 2003) (Tennessee's workers' compensation law prohibits employees from recovering for employer's negligent conduct); Mays v. Int'l Mill Servs., Inc., No. 05-1367-T/AN, 2006 WL 208874, at *3-4 (W.D. Tenn. January 26, 2006) (same).  This claim is therefore DISMISSED.

### c. Intentional Infliction of Emotional Distress

Plaintiff's complaint fails to state a claim for intentional infliction of emotional distress under Tennessee law.  That tort requires "conduct [that is] so outrageous that it is not tolerated by civilized society." Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).  The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. at 623 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

Plaintiff's allegation is that she was "displaced" and demoted because of her protected status.  This does not meet the "high threshold" for outrageousness under Tennessee law.  Id. at

4

622-23; see also Arnett v. Domino's Pizza I, L.L.C., 124 S.W.3d 529, 540 (Tenn. Ct. App. 2003) ("[D]iscriminatory conduct does not automatically give rise to the imposition of liability for intentional infliction of emotional distress."); Mays, 2006 WL 208874, at *4-5 (discrimination, without more, does not meet Tennessee's "very high" standard for outrageousness); cf. Godfredson v. Hess & Clark, Inc., 173 F.3d 365, 375-76 (6th Cir. 1999) (employment discrimination without more is not outrageous under Ohio law, which like Tennessee follows the Restatement (Second) view of outrageousness).  This claim is therefore DISMISSED.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Title VII sex discrimination, negligent infliction of emotional distress, and intentional infliction of emotional distress claims are DISMISSED.

IT IS SO ORDERED this 19th day of January, 2010.


/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE